**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WALLDESIGN, INC., <br><br> Debtor, <br> ──────────────────────── <br><br> BRIAN WEISS, as Trustee of the Walldesign Liquidation Trust, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> BELLA CASA PROPERTY SERVICES LLC, <br><br> Defendant-Appellant. | No.  17-55652 <br><br> D.C. No. 8:15-cv-01371-VAP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted November 6, 2018**
Pasadena, California

───────────────

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,*** District Judge.

Bella Casa Property Services appeals a district court order affirming the bankruptcy court's grant of summary judgment to Brian Weiss, acting trustee for Walldesign, Inc. The bankruptcy court found various payments made from a Walldesign bank account to Bella Casa by Michael Bello, a Walldesign officer, voidable as fraudulent transfers. We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm.

1.    It is undisputed that the transfers to Casa Bella were for the benefit of Bello, not Walldesign, and were not disclosed to corporate management. Nor is there any doubt that the funds were Walldesign's. *See Matter of Walldesign, Inc.*, 872 F.3d 954, 971 (9th Cir. 2017), *cert. denied sub nom. Henry v. Weiss*, 138 S. Ct. 2575 (2018). They were transferred from an account in Walldesign's name and funded with refund checks from Walldesign's suppliers. The bankruptcy court therefore did not err in treating the payments as fraudulent transfers. *See* 11 U.S.C. § 548(a); Cal. Civ. Code § 3439.04(a).

2.  A fraudulent conveyance can be recovered even from an initial transferee that acted in good faith. 11 U.S.C. § 550(a)–(b)(1); Cal. Civ. Code § 3439.08(b)(1).

---

***    The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

There can be no dispute that Bella Casa was the initial transferee of the funds at issue. *See Walldesign*, 872 F.3d at 967.

3. The bankruptcy court did not err in considering declarations summarizing Walldesign's financial and bank statements, and documents in the Walldesign Chapter 11 case docket. *See* Fed. R. Evid. 1006 (allowing admission of summaries of voluminous writings).

**AFFIRMED**.